UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

NEWTON EDWARD BELL, JR.                 CIVIL ACTION NO. 09-cv-0117

VERSUS

U.S. COMMISSIONER SOCIAL                MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

## MEMORANDUM RULING

**Introduction**

Newton Edward Bell, Jr. ("Plaintiff") applied for disability benefits based primarily on complications related to rheumatoid arthritis. An ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform the requirements of light work and that the guidelines directed a finding of not disabled. Plaintiff applied to the Appeals Council and made representations that he was being treated for depression/anxiety. The Appeals Council remanded the case to the ALJ to obtain additional evidence concerning the alleged mental impairment. Plaintiff was referred to Thomas E. Staats, Ph.D., a clinical neuropsychologist, for a consultative evaluation. The ALJ reviewed that evaluation and other materials and found that Plaintiff had the RFC to perform light work, reduced by the ability to occasionally handle, and a minimal limitation in the ability to concentrate. A VE opined that Plaintiff could, with his RFC, perform other jobs, and the ALJ found that Plaintiff was not disabled.

The Appeals Council denied review, and Plaintiff appealed to this court in an earlier civil action. Bell v. Commissioner, 05-cv-0587. This court noted inconsistencies between

Dr. Staats' report and the ALJ's assessed RFC. For example, Dr. Staats found that Plaintiff "was able to interact poorly on a 1:1 basis" and that his social interaction was poor, but the ALJ did not discuss why those limitations were not included in his RFC. The Commissioner's decision was reversed, and the matter was remanded to the agency for further proceedings. Tr. 269-75.

The Appeals Council directed that an ALJ conduct further proceedings post-remand (Tr. 282-85), and ALJ Charles Lindsay conducted a hearing and issued a written decision to again deny benefits. Tr. 243-52. Plaintiff presented to the Appeals Council arguments that Dr. Staats' opinion was misinterpreted and a copy of a post-decision physical evaluation by a physical therapist.

The Appeals Council denied the request for review. Plaintiff filed this civil action seeking judicial review pursuant to 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment. For the reasons that follow, the Commissioner's decision to deny benefits will be affirmed.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Mental Limitations**

Dr. Staats was not a treating physician but conducted a consultative examination of Plaintiff in January 2004. Plaintiff complained to him of problems including anxiety, depression, and isolation. Plaintiff's chief complaints were physical, related to his claimed rheumatoid arthritis. Dr. Staats stated that Plaintiff's concentration was adequate, his persistence was marginal from a psychological standpoint but appeared quite poor from a physical standpoint, and he had adequate social judgment. Dr. Staats added that Plaintiff "was able to interact poorly on a 1:1 basis due to limping and shuffling with a cane, a lot of pain behavior, restlessness, tension, dysphoria, and anxiety." Tr. 92-95.

Counsel, in his letter to the Appeals Council (on the most recent appeal) reported that he had written Dr. Staats and asked for clarification regarding some of the terms Staats used and how they related to the levels of severity in the regulations. Dr. Staats replied in a brief fax that his use of the term "poor" corresponded to a marked or extreme limitation. Counsel argued that Dr. Staats' report therefore supported additional or greater mental limitations in Plaintiff's RFC. Tr. 221-24. The Appeals Council considered Plaintiff's submissions regarding Dr. Staats' intention when he described an ability as poor. It nonetheless found

that the ALJ's rationale and findings were supported by the overall record. Tr. 200. Plaintiff argues on appeal that the agency lacked substantial evidence to find an RFC that did not include mental limitations consistent with Dr. Staats' findings, as interpreted in light of his explanatory fax.

There was, however, other evidence before the ALJ regarding Plaintiff's mental status. The agency asked Dr. Barbara Felkins, a board certified psychiatrist, to review the medical records (including Dr. Staats' evaluation) and answer interrogatories about Plaintiff's condition. She wrote that after "careful reading" of Dr. Staats' report she observed that Staats appeared to have been more worried about physical limitations than mental issues, and she opined that Plaintiff "may have been in a flare of rheumatoid arthritis at that time." Later medical records, discussed more below, suggested that the arthritis was not a serious problem and required little if any treatment. Dr. Felkins determined that psychologically "there is no longitudinal evidence of significant or even severe mental illness." Plaintiff had only mild anxiety that he used small amounts of Xanax to treat. Tr. 469-73. Dr. Felkins completed an assessment form in which she indicated that Plaintiff had only a moderate limitation with regard to the ability to understand, remember, and carry out detailed instructions. He had no limitation, however, with regard to simple instructions. She added that by moderate she meant satisfactory, and that moderate was used to cover times when Plaintiff might have some pain or anxiety. Tr. 474-75.

The ALJ wrote that he afforded "significant weight" to Dr. Felkins' opinion and only "some weight" to the other medical source's opinion. He noted that Dr. Felkins is a psychiatrist who reviewed the long-term record and that the body of evidence supported her conclusion that Plaintiff had a flare up at the time of his consultative examination. Later clinical notes showed little, if any, objective medical signs or diagnostic findings of rheumatoid arthritis. Tr. 250-51.

The undersigned finds that the agency's decision is supported by substantial evidence, largely from Dr. Felkins' report. Even if Dr. Staats' report is read to suggest, as Plaintiff argues, greater limitations than one might discern from the terms used, Dr. Felkins offered a well-reasoned opinion from a specialist who did not examine the patient but did review a more long-term body of medical evidence. The ALJ is entitled to determine the credibility of medical experts and assign weight to their opinions. Greenspan v. Shalala, 38 F.3d 232, 237 (5th Cir. 1984). The ALJ gave adequate reasons for the relative weight he afforded the reports, his evidentiary choice is rational and supported by the record, and his RFC with regard to mental limitations is supported by substantial evidence.

**Physical Limitations**

Plaintiff argues that the ALJ's decision that he can perform most demands of light work is not supported by substantial evidence. The ALJ reviewed evidence regarding Plaintiff's claims of rheumatoid arthritis, including a report from treating physician Dr. Theresa Rinderle. She wrote that Plaintiff requested a note regarding her treatment to

see if it would help in his attempt to get benefits. Dr. Renderle wrote that she explained to Plaintiff that she had no knowledge of Plaintiff's rheumatological disorder but would be happy to review records if received from LSU-HSC. Plaintiff responded that he was not on LSU's active clinic roster. Dr. Rinderle wrote that her records did confirm some abnormality, including a rheumatoid positive factor in 1997. She recommended over-the-counter medication. Tr. 161. There were also reports from Dr. Werner and Dr. Senff that suggested no significant physical problems caused by rheumatoid arthritis, with a normal gait and station, full grip strength and dexterity, and no swelling of the joints. The ALJ relied on such evidence to find that Plaintiff could perform the physical demands of light work.

Plaintiff submitted to the Appeals Council a post-decision report from a physical therapist, Steve Allison, who found that Plaintiff had the RFC to perform work he classified as restricted-light. In a chart summary of functional abilities, Allison stated without explanation that Plaintiff would need hourly 20-minute interruptions to sitting, standing, walking, and carrying. Tr. 225-29. Plaintiff argued that these 20-minute interruption requirements are inconsistent with the ability to perform light work. The Appeals Council wrote that the evaluation was considered but its "overall conclusion" of the ability to perform light work was consistent with the ALJ's RFC. Tr. 200-01.

Some of the physical therapy report findings may be inconsistent with light work, but their presence in the record does not deprive the ALJ's decision of substantial evidence. There were ample medical findings that Plaintiff had little, if any, physical limitations caused

by rheumatoid arthritis or any other objectively verifiable medical impairment. The ALJ did not use that as an excuse to find that Plaintiff had no physical limitations. Rather, he found despite the lack of medical evidence that Plaintiff was capable of no more than mere light work. The Allison report's rather extreme requirements of 20-minute hourly interruptions is not consistent with the medical evidence. Furthermore, the court has now reviewed a number of such reports from Mr. Allison and notes that he often lists in the summary chart a finding that a claimant will need a break from sitting to stand/walk for 20 minutes each hour. Such breaks, which take a person away from their work station, often preclude most or all jobs. Such a devastating limitation requires a firm and explained foundation in the medical and other evidence, and that foundation is not present in this case. Accordingly, the agency's decision is supported by substantial evidence, and a judgment will be entered affirming the Commissioner's decision to deny benefits.

      THUS DONE AND SIGNED in Shreveport, Louisiana, this 17th day of December, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE